### BEEKMAN against CHALMERS.

To entitle to treble damages and treble costs, in trespass upon the statute (sess. 36, ch. 56, s. 29, 1 R. L. 525, 526,) brought by a private person, the declaration need not negative the exception, by alleging that the trespass was committed without the leave or permission of the owner.

It is enough, that the jury find the defendant guilty, and assess the single damages of the plaintiff, without pursuing the precise words of the statute, single value of the timber, &c.

E. COWEN, moved for treble damages and treble costs, in this cause. The action was trespass quare clausum fregit, and for cutting and carrying away the timber and wood of the plaintiff upon the premises. The declaration contained four counts. The first was in trespass, &c. and for cutting the timber and wood generally. The last was the same. The 2d and 3d were for entering the plaintiff's close, and cutting and carrying away his timber and wood. One of them concluded thus : contrary to the form of the statute in such case made and provided ; and the other, contrary to the statute in such case made and provided. The verdict was for the defendant on the first and last counts, and for the plaintiff on the 2d and 3d ; and the jury assessed the single damages of the plaintiff, upon those two counts, at 25 dollars, as appeared by the minutes of the Clerk of the Circuit, the affidavit of the plaintiff's attorney, and the postea, which the counsel produced. Notice of the motion had been served on the defendant's attorney, to be grounded on the affidavit, a copy of which was served, and on a reference to the minutes of the Clerk of the Circuit and the postea.

D. Cady, contra, objected, that the declaration should have specifically referred to the statute by its title. [WOODWORTH, J. There is but one statute, which can apply to the case.] Cady. We also object, that the declaration should have negatived the qualification or exception in the enacting clause, by alleging the trespass to have been committed without the leave or permission of the owner or owners.(a) Take the other case provided for in the section upon which this action is brought, of cutting timber upon land belonging to the people ; there, unless it is alleged, " the defendant not being in the actual occupation of the land," it will not appear that the penalty is incurred. Again, the verdict is for the single damages ; whereas the words of the statute

(a) 1 R. L. 525-6. s. 29. Spieres v. Parker, 1 T. R. 141. Hart v. Cleis, 8 John. 41 Teel v. Fonda, 4 id. 304. 1 Chit. Pl. 229. 1 Saund. 262, in note Rex. v. Pratten, 6 T. R. 559.

ALBANY,
October, 1823.

BEEKMAN
v.
CHALMERS.

(b) 8 John.
345, 346.

(c) 1 Chit.
Pl. 387, 388,
and cases there
cited.

(d) 1 R.,L.
436.

are, that the plaintiff shall recover treble the *value of the timber*, &c. The jury should have found the *single value* in terms. In *Newcomb* v. *Butterfield*,(b) the Court say the jury must find the *value* of the timber. *Single damages*, and the *value of the timber*, are not necessarily the same. The declaration contains the words, *other wrongs*, under which, the plaintiff may, for aught the Court can know, have recovered damages beyond the value of the timber. Single, double or treble *damages* are considered both by the authorities(c) and by our statute, as very different from the single, double, or treble *value*. This difference between *damages* and the value of goods is recognized by sections 8, 9 and 11, of the act concerning distresses, rents and the renewal of leases.(d)

*Cowen*, in reply, said that the words, " without the leave or permission of the owner or owners thereof," could not be considered an exception, within the meaning of the authorities cited upon the other side. The only clauses which can be properly considered exceptions, are those in favour of actual settlers upon state's land, or, in the case of common lands, in favour of those who may have obtained licence from the corporation or trustees.

As to the use of the word *damages*, in lieu of *value of the timber*, in the *postea*, the counts upon which the verdict is found, refer expressly to the statute which, in terms, contemplates a recovery according to the value of the timber, and no more, in the form of action which we have adopted. The Court will intend, that the jury found, for damages, no more than is warranted by the statute ; so that the use of the word *damages* is equivalent to that of *value*, &c.

*Curia.* It appears from the face of the counts upon which the verdict was rendered, that this cannot be one of the cases to which any of the exceptions in the statute apply. These are confined to trespasses *on the lands of the state*, or *the commons of some city or town*. The action, in the first case, must be brought in the name of the overseers of the poor ; in the second, in the name of the corporation of the city, or trustees of the town, &c.

As to the other objection, the 2d and 3d counts, upon which the verdict was taken, allege no other trespass than the cutting and carrying away the timber, and refer expressly to the statute. It was not competent, therefore, for the plaintiff to give evidence of any other trespass or damage ; and the damages assessed by the jury must be the *single value* of the timber, and that only.

Motion granted.